The judgment of the court was pronounced by
Rost, J.
The defendant originally appealed from an order of seizure. The order was affirmed by us and remanded for execution. When the writ of seizure was issued and the property seized, the defendant enjoined it on the ground, that at the time he purchased the property seized, it was subject to judicial mortgages which the holder, Laurent Millaudon, was now proceeding to enforce. He further alleged, that no title had been conveyed to him and prayed for a rescission of the sale.
The answer, besides a general denial, contains special averments that the plaintiff, Squier, had a just and valid title, the nature of which was well known to the defendant; that there is no right of mortgage existing on said property in favor of Millaudon, and that if there was, it could only be exercised after discussing the property in the possession of the original debtor, and that alienated by him since the sale to the plaintiff.
On the trial, the plaintiff tendered and gave bond and security in a sufficient amount to secure the defendant against the eviction alleged, under art. 2535 C. C. On the filing of this bond the injunction was dissolved, and the defendant appealed.
It is shown that the property in controversy formerly belonged to B. Schaumburg, who died in 1833, leaving five children, all of age at the time. The defendant adduces a sale of this property from four of the heirs of Schaumburg to their co-heir Eliza, then married to Ered,eric Beckman. It appears from the act that Mrs. Beckman gave her notes, endorsed by her husband, for the price ; the defendant contends that the nature and character of the property are to be determined by that act alone; that it is nothing more than a purchase made pending marriage which, although in the name of the wife, falls into the community under art. 2371 C. C., and that, as community property, it is subject to the judicial mortgages of Millaudon, who is a judgment creditor of Beckman.
It is urged, on the other side, that all the properly of Schaumburg was sold at auction for the purpose of effecting a partition among his children, under an agreement that the heirs who purchased should give their notes as other purchasers, and that, in the final partition, those notes should be returned to them as part of their share; that the notes given by Mrs. Beckman were returned to her in conformity with this agreement, and that the property having been purchased by her in her own right and name, and paid for out of her share in her father’s estate, is paraphernal, and, as such, unaffected by the judicial mortgages recorded against her husband. Before going into the merits of the issue thus made, it is necessary to notice the bills of exception taken by the defendant.
The first was to the opinion of the court ruling him to trial before the final decision of the suit, brought by Millaudon to enforce his judicial mortgage.
We are unable to say that the court erred. It had clearly a right to proceed so far at least as was necessary to ascertain whether there was any danger of eviction, and if satisfied that there was not, and that the grounds of the injunction had no foundation in justice or truth, it would have been guilty of a denial of justice in refusing to dissolve it. We do not think that the act of 1828 has made any change in the dispositions of the code on which this proceeding is based. It merely gives an additional remedy to enforce those dispositions. Had there been any danger of eviction, the bond subsequently given by the plaintiff, amply secured the defendant.
*743 The defendant also excepted to the opinion of the court admitting in evidence the mortuaria in the successions of Schaumburg and of Beckman ; an act of settlement between Beckman and his wife, and the testimony of Hoffman and Lemcyer to prove that the property in dispute was received by Mrs. Beckman ns part of her share in her fathei'’s succession, on the following grounds; 1st. That the evidence is totally irrelevant to the matters in issue, and not admissible under the pleadings. 2d. That it is offered to prove something beyond what is contained in the act of sale to Mrs. Beckman by her co-heir.
The answer specially denies that the judicial mortgage of Millaudon attaches to the property in dispute. All legal evidence in support of this pleais relevant to the issue, and, therefore, admissible. None of this evidence is offered to prove anything beyond what is contained in the act of sale referred to, but merely to show the character of the property conveyed, which can always be done by parol or other written evidence. The defendant insists that the facts sought to be established by this evidence, should all appear by the sale to Mrs. Beckman. But if they did, that act would not be conclusive evidence against him; and the plaintiff would be required to make those facts certain by the evidence which he now introduces adversely to creditors; those facts can be proved in no other way, and their insertion in the transfer to Mrs. Beckman is not indispensable to her or those claiming under her. It is a familiar rule of evidence, that whatever indicates the nature of the subject of a contract is a just medium of interpretation, and a just foundation for giving the instrument an interpretation, when considered relatively, different from that which it would receive if considered in the abstract, and that parol evidence must generally be resorted to in order to ascertain the nature and character of the subject of contracts. 1 Greenleaf. Nos. 285, 286. 2 Phillips, 294, 354, 355. 2 Starkie, 576.
The evidence adduced establishes, beyond all doubt, the allegations of the plaintiff. A licitation was made to effect a partition among the heirs of Schaumburg. For the regularity of the proceedings, Mrs. Beckman gave her notes for the property she purchased, and, under a previous agreement, those notes were given back to her in the final partition. She acted throughout in her own right and name, and received the property from her co-heirs in part payment of her paternal rights. Under the uniform jurisprudence of this court, that property is paraphernal, and Millaudon’s mortgage does not attach to it. Ellis, Syndic, v. Mrs. Rush, ante p. 116. Stroud v. Humble, 2d Ann. 930. Domingues v. Lee, et al. 17 L. R. 296. Terrell v. Cutrer, Syndic, 1 R. R. 367. Rouse et al. v. Wheeler and Wife, 4 R. R. 115. Savenat et al. v. LeBreton et al. 1 L. R. 522.
It appears that the defendant had obtained a suspensive appeal which, on application of the plaintiff, was set aside, so far as it was suspensive only, on account of the insufficiency of the security furnished.
The person who signed the bond as surety had, at the time, two executions out against him, to satisfy which no property could be found by the sheriff. He was clearly an insufficient surety. The order of the judge was, that he or any other good and solvent person residing in the parish of Orleans, should sign the bond as surety. The order must have been so made at the request of the defendant, and it did not preclude the plaintiff from showing that the person named therein was not good and solvent. The amount of the surety required is complained of as excessive. But as no application was made to the court below to reduce it, that question is not properly before us.
For the reasons assigned, it is ordered that the judgment in this case be affirmed, with costs.